JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Samuel Oganesyan,<br><br>    Plaintiff,<br><br>    v.<br><br>American Airlines Cargo,<br><br>    Defendant. | Case No. CV 13-6190 SVW<br><br>ORDER REMANDING CASE TO STATE COURT |

## I.   Introduction

    This is an action to recover damages for cargo allegedly damaged during international shipment. Defendant transported 44 cartons of brandy from Armenia to Los Angeles in December 2012. Defendant claims the cargo was released to plaintiff on December 26, 2012. On January 11, 2013, plaintiff faxed a claim form to defendant asserting that seventeen bottles were broken during shipment and requesting $4,730.80 in compensation. It is unclear whether anything further transpired between plaintiff and defendant, but evidently, defendant did not pay the claim.

    On July 15, 2013, plaintiff filed suit against defendant in the Small Claims division of the Los Angeles County Superior Court, seeking $4,730 in damages.

(Dkt 1: Notice of Removal Ex. A ("Complaint").) Defendant removed the action here alleging federal question jurisdiction (28 U.S.C. § 1331) on the ground that "this matter arises out of transportation by air between Armenia and the United States . . . [and] is governed by the terms of the 1999 Montreal Convention as incorporated into United States federal law as a treaty adopted by the United States." (Removal Ntc. ¶ 3.) Defendant asserts that because the Montreal Convention applies, "this action *arises under* the laws of the United States." (*Id.* (emphasis added).) Defendant subsequently moved for summary judgment on the ground that plaintiff's claim form was untimely under Article 31 of the Convention, and alternatively that defendant's liability is limited by Article 22(3) to an amount it calculates as $381.52. [Dkt 9.] Plaintiff, who is proceeding pro se, did not move to remand and did not file an opposition to the motion for summary judgment.

## II. Jurisdiction

Subject matter jurisdiction cannot be created by consent or inaction. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case that was removed from state court], the case shall be remanded." 28 U.S.C. § 1447(c). The Court must therefore determine whether it has jurisdiction over this action before resolving defendant's motion.

Defendant's Notice of Removal did not allege diversity jurisdiction[1] and rests entirely on 28 U.S.C. § 1331, which provides that district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Removal on this basis is governed by the "well-pleaded complaint" rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, "federal jurisdiction exists only when a federal question is

[1] The amount in controversy is too low for diversity jurisdiction. 28 U.S.C. § 1332(a).

presented on the face of plaintiff's properly pleaded complaint." *Id.* at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is clear that it raises a federal question. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, a plaintiff is generally the "master of the claim." *Caterpillar*, 482 U.S. at 392. "A case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393 (emphasis in original).

There is an exception to the well-pleaded complaint rule when "the preemptive force of [federal law] is so strong that it 'completely preempt[s]' an area of state law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). "If Congress evidences an intent to occupy a given field, any state law falling within that field is preempted." *Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 248 (1984). When this occurs, "any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins.*, 481 U.S. at 63. Complete preemption is rare, however. *ARCO Environmental Remediation v. Department of Health & Environmental Quality*, 213 F.3d 1108, 1114 (9th Cir 2000).

Removal may not be defeated by "artful pleading." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987). Thus, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *ARCO*, 213 F.3d at 1114. If a federal question is an essential element of the cause of action, a plaintiff may not avoid federal jurisdiction by choosing to ignore it. *Id.*

### III. Plaintiff's Claim for Damages Does Not Arise Under Federal Law.

Plaintiff's complaint is not artfully pleaded. It is on a Small Claims Court

3

form, which does not ask plaintiffs to cite any statutes or legal theories, but simply to answer questions such as "Why does the Defendant owe the Plaintiff money?", "When did this happen?", and "How did you calculate the money owed to you?" (Compl. at 2.)  California law requires the use of this "simple nontechnical form" in Small Claims Court actions.  *See* Cal. Civ. Proc. Code § 116.320(b).  Here, plaintiff answered these questions by writing, respectively:  "Broke Merchandise," "12/13/2012 through 12/26/2012," and "Due to Damage."  (*Id.*)

Defendant argues that because this action arises out of damage to goods during international transportation, "[a]ll state law causes of action or attempts to argue that state law applies are preempted by the [Montreal Convention for International Carriage by Air]."  (Mot. Summ. J. at 7.)  The Montreal Convention governs "all international carriage of persons, baggage and cargo performed by aircraft for reward."  *Convention for the Unification of Certain Rules for International Carriage by Air*, May 28, 1999, S. Treaty Doc. No. 106–45, Art. 1(1).  Defendant contends that the United States Supreme Court has held that the Montreal Convention's predecessor, the Warsaw Convention, "provides the exclusive cause of action for injuries sustained during international air transportation."  (Mot. Summ. J. at 7 (citing *El Al Israel Airlines v. Tseng*, 525 U.S. 155 (1999).)  This misreads the Supreme Court's opinion.  The Court actually held "the Warsaw Convention precludes a passenger from maintaining an action for personal injury damages under local law *when her claim does not satisfy the conditions for liability under the Convention.*"  *Tseng*, 525 U.S. at 176 (emphasis added).[2]  The Montreal Convention places conditions on determinations of liability "under local law," but it does not follow that the Treaty completely supplants all

---

[2] The Supreme Court did not address complete preemption in *Tseng*.  In that case, subject matter jurisdiction was based on diversity, not the existence of a federal question.  As a "foreign state" within the meaning of 28 U.S.C. § 1603(a), El Al had removed the case to federal court under 28 U.S.C. § 1441(d).  *See Tseng v. El Al Israel Airlines*, 122 F.3d 99, 101 (2d Cir. 1997), *rev'd,* 525 U.S. 155.

1  causes of action founded on local law. The fact that individual claims may be
2  preempted does not mean the entire field is preempted, and the defense of claim
3  preemption does not convert a complaint brought under state law into one "arising
4  under" federal law. 28 U.S.C. § 1331; *Caterpillar*, 482 U.S. at 393; *Metropolitan
5  Life Ins.*, 481 U.S. at 63 ("Federal pre-emption is ordinarily a federal defense to the
6  plaintiff's suit [and as such] does not appear on the face of a well-pleaded
7  complaint, and, therefore, does not authorize removal to federal court.").

8      Judicial opinions on the preemptive effect of the Montreal Convention were
9  recently canvassed by a district court in the Northern District of California. *See
10 Jensen v. Virgin Atlantic*, Case No. 12-CV-6227 YGR, 2013 WL 1207962, at *3
11 (N.D. Cal. March 25, 2013). Like that court, this Court agrees with the decisions
12 of the other district courts in California holding that "the exclusivity provisions of
13 the Montreal Convention operate as an affirmative defense but do not completely
14 preempt state law causes of action." *Id.* at *4. Hence, as in *Jensen*, "removal
15 under the Montreal convention based upon the complete preemption doctrine was
16 improper." *Jensen*, 2013 WL 1207962, at *4.

17     The Los Angeles County Superior Court is as equally capable as this Court
18 in applying the applicable provisions of the Montreal Convention to plaintiff's
19 claim. U.S. Const. Art. VI; *see* Haywood v. Drown, 556 U.S. 729, 751 (2009);
20 *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 237 (1997).

21 **IV. Order**

22     The Court lacks jurisdiction over the subject matter of this case. The Clerk
23 shall REMAND the case to the Los Angeles County Superior Court.

24     IT IS SO ORDERED.

26 Dated: November 26, 2013

                                     STEPHEN V. WILSON
                                     United States District Judge